# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ELLIOT ENGLETON, | Case No.: 1:18-cv-00377-JLT (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| RON DAVIS, Warden, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION |
| Respondent. | |
| | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner filed a habeas petition on March 15, 2018, in the Sacramento Division of this Court. On March 21, 2018, the case was transferred to the Fresno Division. After conducting a preliminary screening of the petition, it appears that the petition fails to present a cognizable ground for relief. Therefore, the Court will recommend that the Petition be SUMMARILY DISMISSED.

I.     **PROCEDURAL HISTORY**

On May 18, 2004, Petitioner was convicted of possessing less than 3 grams of marijuana within a California Department of Corrections facility, a violation of Cal. Penal Code § 4573.6. (Doc. 1 at 1.)  He was sentenced under California's Three Strikes law to a term of twenty-five years to life.

In 2016, California voters approved of the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64) (hereinafter "the Act") which effected changes in the law concerning the offenses and penalties relating to cannabis. Petitioner claims his offense for possession of marijuana in a

1

correctional facility of less than 3 grams was decriminalized by the Act and therefore his sentence should be recalled. Petitioner raised this claim to the Kings County Superior Court, the California Court of Appeals, and the California Supreme Court. His petitions were denied at each level, with the Kings County Superior Court rendering the last reasoned decision. (Doc. 1 at 24-26.)

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner challenges the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). In order to state a claim for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40 (1992). Petitioner has failed to demonstrate such a violation here, because on its face, the petition shows no sentencing error or arbitrariness.

The Kings County Superior Court noted that Proposition 64 effected numerous changes to statutes concerning cannabis. It noted that the penalties for many marijuana offenses were reduced. The court further noted that the Act contained a resentencing provision which permits resentencing of persons previously convicted of designated marijuana offenses to obtain a reduced conviction or sentence, if they would have received the benefits of the Act had it been in place when the crime occurred. (Doc. 1 at 24-25.) The court noted that Cal. Health & Saf. Code § 11361.8 listed the specific statutes in connection with which an individual may obtain resentencing. The statute under which Petitioner was convicted, Cal. Penal Code § 4573.6, was not listed. Because of this, the state court determined that Petitioner was not eligible for resentencing. The court stated that if the intent of Proposition 64 had been to include § 4573.6 as a crime eligible for resentencing, it would have been listed in § 11361.8. This Court is bound by the state court's interpretation of state statutes. Bradshaw v. Richey, 548 U.S. 74, 76 (2005) (per curiam). Petitioner fails to demonstrate any error or arbitrariness in the state court decision. Thus, his claim does not present a federal question.

## III. ORDER

The Clerk of Court is DIRECTED to assign a district judge to the case.

3

## IV. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 23, 2018**         /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE